Si-iauck, ■ J.
With respect to the obligatory terms of the official bonds upon which the petitions count, they allege only that the principal defendant in each case and his sureties who were joined with him gave bond to the state of Ohio in the sum of $5,000, conditioned for the faithful discharge by the principal obligor of his official duties as county commissioner of Clark county, and to pay any loss or damage that said county might sustain by reason of his failure therein during the term for which he was elected. In lieu of further allegations in that regard the petitions set out full copies of the bonds, including the approval by the prosecuting attorney of the terms of the bonds and by the probate judge of the sufficiency of the *248 sureties and the official oath thereon endorsed. Not only is this mode of pleading instruments of this character unauthorized, but it is forbidden by the familiar rules that a petition should contain “a statement of the facts constituting the cause of action, in ordinary and concise language,” and that evidence should not be pleaded. These instruments, not being for the unconditional payment of money, nor evidence of indebtedness existing at the time of their execution, are not within the provisions of Sections 5085 or 5086, Revised Statutes. They unnecessarily encumber the record, and they do not make it the duty of the court to examine the evidence thus pleaded to see whether it would have sustained other allegations of obligation if they had been made. The rule upon the subject was precisely stated by Judge Gholson in Lynd & Morton v. Caylor, 1 Handy, 576: “Except in the cases specially authorized by the code, each petition should embody in itself, and without reference to any other paper or exhibit, the facts which constitute the cause of action.” Crawford & Morrison v. Satterfield, 27 Ohio St., 421.
The obligation of the defendants in the several cases is alleged to be that the principal and his co-defendants as sureties, “gave bond to the state of Ohio in the sum of $5,000, conditioned for the faithful discharge by the said [naming the principal] of his official duties as county commissioner of Clark county; Ohio, and to pay any loss or damages that the said Clark county, Ohio, might sustain by reason of his failure therein during the term for which he was elected aforesaid.” With respect to the breach of the obligation the petition *249 alleges, in substance, that the board of county commissioners, of which the principal defendant was a member, caused a bridge which spanned a stream on a highway under the control of said board, to be removed and carelessly and negligently and willfully left the embankments and the open space between them unguarded, in consequence whereof injuries resulted to the persons and property of persons traveling upon the highway, for which the county was liable under the statute, and that in the discharge of that liability the county paid the sums for which a recovery is sought. The legal force of the word “willfully” will not be overestimated when it is remembered that it is used in an allegation of mere omission of duty. The question is, whether an individual member of a board of county commissioners is liable for negligence of the board of which he is a member which results in a liability to the county. The briefs are in entire accord upon the proposition that according to the accepted law of the state, counties were not liable on account of the negligence of the commissioners prior to the act of April 13, 1894 (91 O. L., 142), when Section 845, Revised Statutes, was so amended as to impose a limited liability by the provision that “any such board of county commissioners shall be liable in its official capacity for any damages received by reason of its negligence or carelessness in keeping any such road or bridge in proper repair.” This statute should not by construction be extended beyond the plain meaning of its terms. Commissioners of Morgan County v. The Marietta Transfer & Storage Co., 75 Ohio *250 St., 244; Ebert v. Commissioners of Pickaway County, 75 Ohio St., 474. It is entirely clear that this statute does not, in any way, enlarge or change the terms of the bond, or enlarge the duties of the individual commissioners, although it adds a new consequence in the particular indicated to negligence in the performance of their duties. Not only the duties of the commissioners, but the terms and purposes of the bond which they individually give remain as they were before the amendment. By the express terms of the statute the consequence provided for attaches to the board “in its official capacity,” and not to its individual members. It is consistent with the allegations of the petition that the negligent course of the board, on account of which a liability is asserted upon the bond of the individual member, was taken without his concurrence. It seems to be decisive of the case that the negligence was that of the board, while the bond is for the faithful performance of the duty of the individual. If inquiry should be extended further, it might appear that the negligence alleged as the foundation of the actions is not unfaithfulness in the sense in which that word is used in official bonds. If doubt should remain it would be difficult' to resolve in favor of the conclusion that such a liability as is asserted in these petitions has been assumed by officers who serve for the compensation which the statute attaches to the office of county commissioner.

Judgments affirmed.

Summers, C. J., Crew, Spear, Davis and Price, JJ., concur.